OPINION
{¶ 1} Plaintiff-appellant Cincinnati Insurance Company ("CIC") brings this appeal from the judgment of the Court of Common Pleas of Allen County granting summary judgment to defendant-appellee Shelby Insurance Company ("Shelby").
 {¶ 2} On December 5, 1998, Joe Stephens ("Stephens") was involved in a dispute with the owner of the Northside Firehouse Bar, Frank Lombardo ("Lombardo"). Lombardo eventually ejected Stephens from the bar. Stephens then went to his automobile and proceeded to drive the vehicle through the front of the building and into the bar. Two people, Charles Bott ("Bott") and Christine Fuqua ("Fuqua") were injured as a result. On March 11, 1999, Stephens entered a plea of no contest to two counts of aggravated vehicular assault. The criminal court entered a finding of guilty to one count of aggravated vehicular assault and sentenced Stephens to prison.
 {¶ 3} On December 2, 1999, Bott and Fuqua filed a complaint against Stephens and Lombardo for personal injuries. Stephens failed to file an answer and a default judgment for $70,000 was entered against him in favor of Fuqua. This debt was later discharged in bankruptcy, so Fuqua made claims against her personal carrier and against her employer's carrier, CIC. Fuqua then settled with these carriers and assigned her claims to them.
 {¶ 4} At the time of the incident, Stephens was insured by Shelby. The policy provided coverage for bodily injury which arose from an auto accident. On April 23, 2003, CIC filed a supplemental complaint naming Shelby as a defendant. On November 22, 2004, Shelby filed a motion for summary judgment claiming that the incident on December 5, 1998, was not the result of an accident and is thus not covered by the policy. Shelby also claimed that the actions of Stephens were intentional, which is specifically excluded from coverage by the policy. On January 4, 2005, the trial court granted summary judgment to Shelby. CIC appeals from this judgment and raises the following assignment of error.
The trial court erred in granting [Shelby's] motion forsummary judgment, because the question of whether [Stephens]intentionally caused bodily harm is a question of fact reservedto the trier of fact.
 {¶ 5} When reviewing a motion for summary judgment, courts must proceed cautiously and award summary judgment only when appropriate. Franks v. The Lima News (1996),109 Ohio App.3d 408, 672 N.E.2d 245. "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." State ex rel. Howard v.Ferreri (1994), 70 Ohio St.3d 587, 589, 639 N.E.2d 1189. When reviewing the judgment of the trial court, an appellate court reviews the case de novo. Franks, supra.
 {¶ 6} In this case, the policy provides as follows.
We will pay damages for bodily injury or property damage forwhich any insured becomes legally responsible because of an autoaccident.
Policy, 3. An accident is defined in the policy as "an unexpected or unintended event that causes bodily injury and/or property damage and arises out of the ownership, maintenance or use of your covered auto or a non-owned auto." Id. Thus, prior to determining if an exclusion applies, a determination must first be made that Stephens is entitled to coverage for this event.
 {¶ 7} The event in question is the intentional collision of the car with the building, which resulted in the personal injury to Fuqua. The evidence before the trial court consisted of the police report concerning the incident and Stephens' affidavit that he did not intentionally run his automobile into the building. Although Stephens was found guilty of aggravated vehicular assault, this finding was the result of a no contest plea. "The plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information or complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceedings." Crim.R. 11(B)(2). Thus, the underlying facts that supported the conviction may not be used in this civil proceeding. The only effect of the conviction is that the trial court can take notice that Stephens recklessly caused serious physical harm to another while operating a motor vehicle. R.C. 2903.08. The statute does not require that the defendant intend the action that resulted in the serious physical injury. The result is that there is a genuine issue of material fact as to whether Stephens intended to run his vehicle into the bar which resulted in the injury or if it was an "unintended" event under the policy.
 {¶ 8} In its opinion, the trial court acknowledged that there was a genuine issue of fact as to whether Stephens intended to injure the parties. The trial court then went on to conclude that Stephens' intent could be inferred from the fact that Stephens was convicted of a crime in relation to the incident. The language of the policy specifically excludes intentional acts. Stephens was convicted of committing a reckless act, not an intentional act. Although the underlying facts of the conviction may support a finding of intent, they may not be considered in this case for the reason discussed above. The definitions of the defendant's mens rea as intentional or reckless are not interchangeable. Thus, the conviction alone is insufficient for finding that Stephens committed an intentional act which would exclude coverage under the policy. For these reasons, the assignment of error is sustained.
 {¶ 9} Shelby filed an assignment of error to prevent reversal pursuant to R.C. 2505.22. Shelby claimed in its assignment of error that the trial court erred in not finding that the incident was not the result of an accident and thus barred from coverage. For the same reasons discussed above, Shelby's assignment of error to prevent reversal is overruled.
 {¶ 10} The judgment of the Court of Common Pleas of Allen County is reversed and the cause is remanded for further proceedings.
Judgment Reversed and Cause Remanded.
 Cupp, P.J. and Shaw, J., concur.