DECISION AND JUDGMENT ENTRY.
{¶ 1} Plaintiff-Appellant, Alicia Shuler, appeals the Gallia County Common Pleas Court's judgment entry reallocating parental rights and responsibilities and placing her children in the custody of their father, Defendant-Appellee, Andrew Bauer. Appellant further appeals the trial court's determination that she be granted only supervised parenting time with her children. In her brief, Appellant alleges that the trial court erred and abused its discretion 1) in failing to exclude the report and testimony of the guardian ad litem, which she claims were unduly predicated upon inadmissible and unidentifiable hearsay statements; 2) when it ordered her to have supervised parenting time with the minor children, which she claims the record does not support or warrant; and 3) when it changed custody of the minor children to the Appellee. Because we find that the trial court did not make the findings necessary to support a reallocation of parental rights and responsibilities, we reverse and remand to the trial court for clarification of its basis for granting the reallocation and if necessary, further proceedings.
 {¶ 2} In July of 2001, the parties divorced and entered into a separation agreement and shared parenting plan designating Alicia Shuler, Appellant, the residential parent of the parties' minor children, Rachel Elizabeth Bauer, born April 11, 1995, and Ashton Virginia Bauer, born June 18, 1999. On March 24, 2005, Appellee filed a motion to reallocate parental rights and responsibilities, arguing that a change in circumstances had occurred based upon Appellant's drug problems and recent arrest for felony possession of a controlled substance with intent to deliver in Mason County, West Virginia.
 {¶ 3} At the August 22, 2005 hearing to consider the motion, the parties, their witnesses and the guardian ad litem for the children testified.[2] The guardian ad litem testified that Appellant had informed him that in addition to her arrest, in the past year she had used drugs recreationally on the weekends, but had no dependency or daily use and that she had not used drugs since her arrest. However, the guardian ad litem was permitted to testify, over Appellant's objection, regarding his belief and opinion that Appellant was still using drugs based upon statements made by the children. The guardian ad litem also testified, over Appellant's objection, that the oldest child had expressed to him her desire to live with her father. The guardian ad litem's ultimate recommendation was that the children reside with Appellee and that Appellant not have any overnight visitation. Neither child testified at the hearing, nor was an in camera interview conducted by the trial court.
 {¶ 4} Appellant testified that she no longer uses drugs, had never used drugs when her children were with her and that if the children had stated that she had, they had been taught to say that. Appellant also testified that she voluntarily completed an outpatient drug counseling program upon advice from her attorney. On cross-examination, Appellant disagreed that Appellee had taken care of the children substantially more than he had in the past, and testified that she had always been lenient with visitation. Appellant also testified regarding problems with Appellee's new wife, including hostility between herself and the new wife, hostility between her children and the new wife, the new wife's additional duties of caring for her other child and an infant, the new wife's cursing in front of the children and violent behavior towards both Appellee and Appellant.
 {¶ 5} Appellee testified that Appellant's behavior and appearance has changed in the past year and that Appellant would leave the children with him for two weeks at a time after saying she was going to pick them up, which has resulted in him having the children approximately 80% of the time. He also testified that he had suspected a problem and had even contacted Children's Services, as well as an attorney, immediately before Appellant's arrest. Appellee testified that the children get along well with his new wife and that she does not use foul language in front of the children. On direct examination, Appellee admitted to a prior conviction for driving under the influence, prior use of marijuana five years ago, and also admitted that he occasionally consumes alcohol.
 {¶ 6} The Magistrate issued his decision on October 4, 2005, granting Appellee's motion for reallocation of parental rights and responsibilities and ordering that Appellant have only supervised visitation with the children. Appellant timely objected to the Magistrate's decision; however, the trial court overruled Appellant's objections in a Journal Entry dated December 22, 2005 and on December 27, 2005 filed its Judgment Entry adopting the Magistrate's decision.
 {¶ 7} The trial court, in its Judgment Entry, made the following findings in support of reallocation of parental rights and responsibilities:
 {¶ 8} "The Court received the report of the Guardian ad Litem, over the objection of Plaintiff.
 {¶ 9} After hearing the evidence adduced by the parties and witnesses, this Magistrate finds that the arrest of Plainiff [Appellant herein] on April 4, 2005 at the Mason Motel is a significant change of circumstances in this case.
 {¶ 10} Plaintiff admitted that she entered a volunteer intensive out-patient rehabilitation at Marietta Memorial Hospital and she has been attending Narcotics Anonymous meetings ever since.
 {¶ 11} The Guardian ad Litem's report appears to correctly set forth the facts and conditions of this case and shall be adopted and made a part of this decision."
 {¶ 12} As a result of its findings, the trial court ordered that custody of the minor children be awarded to Appellee and that Appellant be permitted supervised visitation only. It is from this decision that Appellant now brings her timely appeal, assigning the following errors for our review.
 {¶ 13} "I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FAILING TO EXCLUDE THE REPORT AND TESTIMONY OF THE GUARDIAN AD LITEM, WHEN SAID REPORT AND TESTIMONY WERE UNDULY PREDICATED UPON INADMISSIBLE HEARSAY STATEMENTS.
 {¶ 14} II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT ORDERED APPELLANT TO HAVE SUPERVISED PARENTING TIME WITH THE MINOR AS THE RECORD DOES NOT SUPPORT A FINDING THAT SUPERVISED PARENTING TIME WAS WARRANTED.
 {¶ 15} III. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT CHANGED CUSTODY OF THE MINOR CHILDREN TO THE APPELLEE."
 {¶ 16} Initially, we note that appellate courts review a trial court's decision regarding the reallocation of parental rights and responsibilities with the utmost deference. See Davis v. Flickinger
(1997), 77 Ohio St.3d 415, 418, 1997-Ohio-260, 674 N.E.2d 1159;Miller v. Miller (1988), 37 Ohio St.3d 71, 74, 523 N.E.2d 846. Consequently, as reviewing court will not reverse a court decision regarding the reallocation of parental rights and responsibilities unless the trial court abused its discretion. Davis, supra. An abuse of discretion is more than an error or law or judgment; rather, it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. See Landis v. Grange Mut. Uns. Co. (1998),82 Ohio St.3d 339, 342, 1998-Ohio-387, 695 N.E.2d 1140; Malone v. Courtyard byMarriott, L.P. (1996), 74 Ohio St.3d 440, 448, 1996-Ohio-311,659 N.E. 2d 1242; State ex rel. Solomon v. Police Firemen's Disability Pension Fund Bd. of Trustees (1995), 72 Ohio St.3d 62, 64,1995-Ohio-172, 647 N.E.2d 486. To demonstrate an abuse of discretion, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias. See Nakoff v. FairviewGen. Hosp. (1996), 75 Ohio St.3d 254, 256, 1996-Ohio-159, 662 N.E.2d 1. Furthermore, when applying the abuse of discretion standard, a reviewing court may not merely substitute its judgment for that of the trial court. See, e.g., In re Jane Doe 1 (1991), 57 Ohio St.3d 135, 137-138,566 N.E.2d 1181. Reviewing courts should also be guided by a presumption that the trial court's findings are correct because the trial court is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use its observations in weighing the credibility of the proffered testimony. See, e.g. Seasons Coal Co. v. Cleveland
(1984), 10 Ohio St.3d 77, 80, 461 N.E.2d 1273. Additionally, deferential review in a child custody case is crucial because much may be evident in the parties' demeanor and attitude that does not translate to the record. Davis, 77 Ohio St.3d at 419.
 {¶ 17} R.C. 3109.04(E)(1)(a) governs the modification of a prior decree of the allocation of parental rights and responsibilities. The statute provides:
"The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, his residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:
* * *
(iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child."
 {¶ 18} Thus, in determining whether to modify a prior allocation of parental rights and responsibilities, three factors generally guide a trial court's decision: (1) whether there has been a change in circumstances, (2) whether a modification is in the child's best interests, and (3) whether the benefits resulting from the change will outweigh any harm. See R.C. 3109.04(E)(1)(a); see, e.g., Clark v.Smith (1998), 130 Ohio App.3d 648, 653, 720 N.E.2d 973.
 {¶ 19} We note that a change in circumstances must be significant-something more than a slight or inconsequential change. SeeDavis, 77 Ohio St.3d at 416-417; Putnam v. Putnam, Washington App. No. 00CA32, 2001-Ohio-2471; Smith v. Smith (July 26, 2000), Athens App. No. 00CA07, 2000 WL 1047665. In Davis, supra, the court discussed the requirement of a "change in circumstances" and emphasized that a trial court's finding of whether a change in circumstances has occurred must not be disturbed absent an abuse of discretion. The court stated:
"R.C. 3109.04 requires a finding of a `change in circumstances.' Such a determination when made by a trial judge should not be disturbed, absent an abuse of discretion. In determining whether a change in circumstances has occurred so as to warrant a change in custody, a trial judge, as the trier of fact, must be given wide latitude to consider all issues which support such a change in circumstances because of a child's age and consequent needs, as well as increased hostility by one parent (and that parent's spouse) which frustrates cooperation between the parties on visitation issues."
 {¶ 20} The Davis court continued:
"Clearly, there must be a change in circumstances to warrant a change of custody, and the change must be of substance, not a slight or inconsequential change. The nomenclature is not the key. As the Wyss court aptly noted: `The clear intent of the statute is to spare children from a constant tug of war between their parents who would file a motion for change of custody each time the parent out of custody thought he or she could provide the children a `better' environment. The statute is an attempt to provide some stability to the custodial status of the children, even though the parent out of custody may be able to prove that he or she can provide a better environment.' " Wyss v. Wyss (1982),3 Ohio App.3d 412, 416, 445 NE.2d 1153.
 {¶ 21} The Davis court further noted that "[i]n determining whether a `change' has occurred, we are mindful that custody issues are some of the most difficult and agonizing decisions a trial judge must make. Therefore, a trial judge must have wide latitude in considering all the evidence before him or her * * * and such a decision must not be reversed absent an abuse of discretion. Miller v. Miller (1988),37 Ohio St.3d 71, 523 N.E.2d 846." Davis, 77 Ohio St.3d at 418.
 {¶ 22} Once a change in circumstances has been demonstrated, a trial court next must consider whether a modification will serve the child's best interests. R.C. 3109.04(F)(1) specifies the factors that a trial court should consider when determining a child's best interests:
 "In determining the best interest of a child * * * the court shall consider all relevant factors, including, bust not limited to:
 (a) The wishes of the child's parents regarding his care;
 (b) If the court has interviewed the child * * * regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court;
 (c) The child's interaction and interrelationship with his parents, siblings, and any other person who may significantly affect the child's best interest;
 (d) The child's adjustment to his home, school, and community;
 (e) The mental and physical health of all persons involved in the situation;
 (f) The parent more likely to honor and facilitate visitation and companionship rights approved by the court;
 (g) Whether either parent has failed to make all child support payments, including arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor;
 (h) Whether either parent previously has been convicted of or pleaded guilty to [certain criminal offenses];
 (i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent his or her right to visitation in accordance with an order of the court;
 (j) Whether either parent has established a residence, or is planning to establish a residence, outside this state."
 {¶ 23} If a trial court concludes that a change in circumstances has occurred and that a modification of the prior allocation of parental rights and responsibilities would serve the child's best interests, a trial court may not modify a custody order unless the court determines that the harm likely to be caused by a change of environment is outweighed by the benefits of the change of environment. R.C. 3109.04(E)(1)(a); Beaver v. Beaver (2001), 143 Ohio App.3d 1, 8-11,2001-Ohio-2399, 757 N.E.2d 41.
 {¶ 24} In her first and third assignments of error, Appellant contends that an arrest does not constitute a change in circumstances and that the trial court failed to find that the harm likely to be caused by a change in environment is outweighed by the benefits of the change of environment. We agree, in part, with Appellant's contention.
 {¶ 25} In the case at bar, after our review of the record, we conclude that the trial court did not abuse its discretion by determining that Appellee established that a change in circumstances had occurred. The trial court specifically found that a change in circumstances had occurred as a result of Appellant's arrest at the Mason Motel. Additionally, Appellant herself testified to her prior "recreational" drug use for the prior year. Thus, because the trial court's finding is supported by some competent, credible evidence, we cannot conclude that the trial court's finding was against the manifest weight of the evidence. Nor can we conclude that the trial court's finding was unreasonable, arbitrary or unconscionable, as is required to find that the trial court abused its discretion.
 {¶ 26} On the other hand, we agree with Appellant's contention that the trial court failed to make the necessary finding, in accordance with R.C. 3109.04(E)(1)(a), that the harm likely to be caused by a change in environment is outweighed by the benefits of the change of environment. This language is noticeably missing from both the Magistrate's Decision, as well as the trial court's Judgment Entry. Accordingly, we conclude that the trial court abused its discretion in reallocating parental rights and responsibilities without making this finding.
 {¶ 27} We also note that the Magistrate's Decision, as well as the trial court's Judgment Entry, fail to reference or mention in any manner that any of the best interest factors provided in R.C. 3109.04(F)(1) were considered. The closest the court comes to making this required finding is in adopting the guardian ad litem's report, which makes a recommendation based upon the best interests of the children, as part of its entry. However, we conclude that such reference, without making its own finding as to the best interests of the children, is insufficient.
 {¶ 28} Appellant also contends that the trial court improperly admitted out-of-court statements of the children, through both the report of the guardian adlitem, as well through the guardian ad litem's testimony at the hearing. Appellant contends that these statements were inadmissible hearsay and should not have been admitted, citing In reSherman, Hancock App. Nos. 05-04-47-49, 2005-Ohio-5888 in support. After a review of Sherman, we are persuaded by Appellant's argument. TheSherman court reasoned, based upon the prior reasoning of this Court inWebb v. Lane (March 15, 2000), Athens App. No. 99CA12, that a guardian ad litem is an investigator for the court under R.C. 3109.04(C). InWebb, this Court specifically held that a guardian ad litem report can be considered by the trial court, despite any hearsay contained in the report, as long as the parties' due process rights are protected, which essentially require that the trial court make the guardian ad litem available for direct and cross examination. See, also, Civ. R. 75(D).
 {¶ 29} Further, this issue has arguably been rendered moot in light of our disposition of Appellant's first and third assignments of error. Nevertheless, we conclude that here, where the guardian not only submitted a report, but also testified at trial regarding statements made by the children and was subject to full cross examination, the trial court did not err in considering the testimony. Further, as the trial court notes in its response to Appellant's objections to the Magistrate's Decision, "[although the Magistrate stated in his decision that the Guardian's report appears to correctly set forth the facts and conditions of the case and ordered it be adopted and made a part of this decision, the Magistrate did not state that he relied upon it for his decision. * * * In fact, as stated above, he specifically found evidence independent of the report that Plaintiffs arrest on April 4, 2005, at the Mason Motel was a change in circumstances in this case." Accordingly, we cannot conclude that the trial court abused its discretion in admitting the report and testimony of the guardian ad litem.
 {¶ 30} In light of our disposition of Appellant's first and third assignments of error, Appellant's second assignment of error has been rendered moot. Accordingly, we reverse the decision of the trial court and remand for clarification of the trial court's basis for granting Appellee's motion for reallocation of parental rights and responsibilities and, if necessary, further proceedings.
JUDGMENT REVERSED AND CAUSE REMANDED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND CAUSE REMANDED and that the Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Gallia County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J.: Concurs in Judgment and Opinion.
Kline, J.: Concurs in Judgment Only.
Judge Matthew W. McFarland
[2] In addition to providing testimony at the hearing, the guardian ad litem for the children provided a written report to the trial court prior to the hearing.