OPINION
{¶ 1} Plaintiff-appellant, Alfred Nagel, appeals a decision of the Brown County Court of Common Pleas modifying the shared parenting plan of appellant and defendant-appellee, Karen Hogue f.k.a. Nagel, by designating appellee as the residential parent of the parties' minor children.
 {¶ 2} The parties were divorced on October 13, 2004. On that same date, the *Page 2 
Brown County Domestic Relations Court approved and adopted the parties' joint shared parenting plan for their two minor children. The plan designated appellant as the children's residential parent for school purposes and granted appellee the standard amount of parenting time with the children as provided for in the county's visitation guidelines.
 {¶ 3} On April 11, 2005, appellant was convicted in the Criminal Division of the Brown County Common Pleas Court on 60 counts of misdemeanor voyeurism in violation of R.C. 2907.09(C) and one count of felony voyeurism in violation of R.C. 2907.08(D)(1),[1] following his no contest plea to those charges. He received a suspended sentence and was placed on reporting probation for three years.
 {¶ 4} Appellant was also classified as a sexually oriented offender as a result of his voyeurism convictions. He is required to register as a sexually-oriented offender in Brown County, where he resides, and Hamilton County, where he works. As a condition of his probation, he is not allowed to go to parks, amusement parks, schools or day care centers unless his children are with him.
 {¶ 5} The victims in the case, who included appellant's stepchildren (who were appellee's children from a different relationship) and one of the stepchildren's friends, were all minors. Neither of the parties' children were the victims in any of the charges. The charges *Page 3 
against appellant were pending at the time the parties entered into their shared parenting agreement in October 2004.
 {¶ 6} On May 3, 2005, appellee moved to terminate the parties' shared parenting plan and requested that she be designated the residential parent and legal custodian of the parties' children. The matter was referred to a magistrate.
 {¶ 7} On January 12, 2006, appellant filed a motion in limine requesting that the domestic relations court issue a ruling finding that his no contest plea to the voyeurism charges fail to establish any facts that have arisen since the prior decree incorporating the parties' shared parenting plan. On April 10, 2006, the magistrate issued a decision finding that while Crim. R. 11(B)(2) and Evid. R. 410(A)(2) prohibited appellant's no contest pleas from being admitted into evidence, evidence of appellant's criminal convictions that have arisen since the filing of the parties' shared parenting plan was admissible.
 {¶ 8} After holding a hearing on the matter, the magistrate issued a decision designating appellee as the residential parent of the parties' children and granting appellant visitation rights with the parties' children as set forth in the county's visitation guidelines. On May 23, 2007, the trial court issued a decision, order, and entry, overruling appellant's objections and adopting the magistrate's decision.
 {¶ 9} Appellant now appeals the trial court's decision, order, and entry, and raises four assignments of error, which we shall address in an order that facilitates our analysis of the issues raised therein.
 {¶ 10} Assignment of Error No. 4:
 {¶ 11} "THE TRIAL COURT ERRED BY MODIFYING THE PARTIES' SHARED PARENTING PLAN AND DESIGNATING THE APPELLEE THE CHILDREN'S RESIDENTIAL PARENT."
 {¶ 12} Appellant argues that his convictions on 60 counts of misdemeanor voyeurism *Page 4 
and one count of felony voyeurism were not of "sufficient import" to warrant modification of the parties' shared parenting plan. We disagree with this argument.
 {¶ 13} R.C. 3109.04(E)(1)(a) states in pertinent part:
 {¶ 14} "The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:
 {¶ 15} "* * *
 {¶ 16} "(iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child."
 {¶ 17} "In determining whether a change of circumstances has occurred so as to warrant a change in custody, a trial judge, as the trier of fact, must be given wide latitude to consider all issues which support such a change[.]" Davis v. Flickinger, 77 Ohio St.3d 415, 416,1997-Ohio-260. The change of circumstances "must be a change of substance, not a slight or inconsequential change." Id. at 418. However, the change need not be "substantial." Id. at 417-418.
 {¶ 18} A trial courts' determination as to whether or not a change of circumstances has occurred "should not be disturbed, absent an abuse of discretion." Flickinger at 416. A trial court does not abuse its discretion unless its decision is unreasonable, arbitrary, or unconscionable. Landis v. Grange Mut. Ins. Co., 82 Ohio St.3d 339, 342,1998-Ohio-387. "Where an award of custody is supported by a substantial amount of credible and competent *Page 5 
evidence, such an award will not be reversed as being against the manifest weight of the evidence by a reviewing court."Flickinger at 418.
 {¶ 19} In this case, the change in circumstances, i.e., appellant's conviction on numerous voyeurism charges contrary to what appellant asserts, was a change of substance, not a slight or inconsequential one. Id. There is a critical difference between appellant's having been indicted on multiple charges of voyeurism and his having been convicted of those charges.
 {¶ 20} Prior to his conviction on the voyeurism charges, both the trial court and appellee were entitled to presume that appellant was innocent of the offenses on which he had been indicted. However, once appellant was actually convicted on those charges, appellee became entitled to seek a modification of the parties' shared parenting plan based on a change in circumstances. Likewise, appellant's conviction on the charges provided the trial court with ample evidence to support its finding that a change of circumstances had occurred in this case.
 {¶ 21} Therefore, the trial court did not abuse its discretion in determining that appellant's convictions on numerous voyeurism charges constituted a sufficient change of circumstances to permit modification of the parties' shared parenting plan for purposes of R.C. 3109.04(E)(1)(a).
 {¶ 22} Appellant's fourth assignment of error is overruled.
 {¶ 23} Assignment of Error No. 3:
 {¶ 24} "THE TRIAL COURT ERRED BY CONCLUDING THAT THERE HAS BEEN A CHANGE IN CIRCUMSTANCES SINCE THE ENTRY OF THE DECREE OF SHARED PARENTING."
 {¶ 25} Appellant argues that to establish that a change of circumstances occurred in this case, appellee was obligated to show, by a preponderance of the evidence, that the *Page 6 
parties' children have been adversely affected by appellant's conviction on multiple counts of voyeurism, and that because she failed to do so, the trial court erred in finding that a change of circumstances existed in this case to support a modification of the parties' shared parenting plan. We disagree with this argument.
 {¶ 26} R.C. 3109.04(E)(1)(a) sets forth three requirements for modifying a prior decree allocating parental rights and responsibilities for the care of children: (1) a change in circumstances of the child, the residential parent, or either of the parents subject to a shared parenting decree; (2) the modification sought is necessary to serve the child's best interest; and (3) application of one of the three circumstances listed in R.C. 3109.04(E)(1)(a)(i)-(iii), with the relevant circumstance in this case being that "[t]he harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child." R.C. 3109.04(E)(1)(a)(iii).
 {¶ 27} While nothing in R.C. 3109.04(E)(1)(a) expressly requires that a party seeking modification of a prior decree allocating parental rights and responsibilities show, by a preponderance of the evidence, that the parties' children have been adversely affected by the alleged change of circumstances, such a showing is arguably implicit in the three requirements set forth above. Nevertheless, in reviewing a trial court's determinations that a change of circumstances exists and that modification of a prior shared parenting decree is warranted, the proper focus is on determining whether sufficient evidence has been presented to establish the three requirements set forth in R.C. 3109.04(E)(1)(a).
 {¶ 28} Here, appellant's conviction on numerous voyeurism charges after the parties' shared parenting plan had been adopted by the trial court constituted a change of circumstances that was sufficient to support a modification of the prior decree.
 {¶ 29} Appellant's conviction on the voyeurism charges also provided sufficient support for the trial court's determinations that: (1) modifying the prior decree to designate appellee *Page 7 
as the residential parent of the parties' children was in the children's best interest, R.C. 3109.04(E)(1)(a); and (2) the harm to the children likely to be caused by the change in environment was outweighed by its advantages. R.C. 3109.04(E)(1)(a)(iii).
 {¶ 30} As the trial court noted, appellant's voyeurism convictions and classification as a sexually-oriented offender necessarily have an adverse impact on the parties' minor children because those children are now exposed to the risks and dangers that such offenders present to minors, namely, further sexually abusive behavior. The General Assembly has stated:
 {¶ 31} "Sex offenders and offenders who commit child-victim oriented offenses pose a risk of engaging in further sexually abusive behavior even after being released from imprisonment, a prison term, or other confinement or detention, and protection of members of the public from sex offenders and offenders who commit child-victim oriented offenses is a paramount governmental interest." Former R.C. 2950.02(A)(2).
 {¶ 32} The trial court's determinations on these matters were not unreasonable, arbitrary, or unconscionable and therefore were not an abuse of discretion. Landis, 82 Ohio St.3d at 342. Moreover, the court's determinations were supported by a substantial amount of credible and competent evidence and, therefore, were not against the manifest weight of the evidence. Flickinger, 77 Ohio St.3d at 418.
 {¶ 33} Appellant's third assignment of error is overruled.
 {¶ 34} Assignment of Error No. 1:
 {¶ 35} "THE TRIAL COURT ERRED BY FAILING TO CONSIDER THE IMPACT OF ORC [SECTION] 2937.07 UPON THE INSTANT CASE AND CONCLUDING THAT EVIDENCE RESULTING FROM NO CONTEST PLEAS IS ADMISSIBLE, I.E. EVIDENCE OF THE CRIMINAL CONVICTIONS AGAINST APPELLANT AND/OR UNDERLYING FACTS THAT SUPPORT THE CRIMINAL CONVICTIONS."
 {¶ 36} Appellant argues that the trial court erred in admitting any evidence resulting *Page 8 
from his no contest pleas to the voyeurism charges, including evidence of his convictions on those charges, at the change of custody proceedings because such evidence is inadmissible under R.C. 2937.07. We disagree with this argument.
 {¶ 37} R.C. 2937.07 states in pertinent part:
 {¶ 38} "A plea to a misdemeanor offense of `no contest' or words of similar import shall constitute a stipulation that the judge or magistrate may make a finding of guilty or not guilty from the explanation of the circumstances of the offense. If a finding of guilty is made, the judge or magistrate shall impose the sentence or continue the case for sentencing accordingly. A plea of `no contest' or words ofsimilar import shall not be construed as an admission of any fact atissue in the criminal charge in any subsequent civil or criminal actionor proceeding." (Emphasis added.)
 {¶ 39} Crim. R. 11(B)(2) states that "[t]he plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding."
 {¶ 40} Evid. R. 410(A)(2) provides that a no contest plea "is not admissible in any civil or criminal proceeding against the defendant who made the plea or who was a participant personally or through counsel in the plea discussions[.]"
 {¶ 41} In this case, the magistrate expressly acknowledged that he was prohibited under Crim. R. 11(B)(2) and Evid. R. 410(A)(2) from admitting into evidence any reference to appellant's no contest pleas. However, nothing in those provisions or R.C. 2937.07 prohibited the magistrate from considering appellant's convictions on the voyeurism charges in determining whether there was a change of circumstances.
 {¶ 42} The trial court properly took notice of appellant's conviction on the voyeurism charges and did not abuse its discretion in finding that this evidence was sufficient to *Page 9 
constitute a change in circumstances for purposes of R.C. 3109.04(E)(1)(a). See Riffle v. Riffle (Jan. 31, 1990), Meigs App. No. 417 (change of circumstances existed where residential parent was presently serving a ten-day jail sentence for DUI and had been convicted of numerous other offenses).
 {¶ 43} Relying on Bott v. Stephens, Allen App. No. 1-05-09,2005-Ohio-3881, appellant argues that evidence of the underlying facts supporting his conviction on the voyeurism charges was inadmissible. Id. at ¶ 7. We find this argument unpersuasive.
 {¶ 44} Bott does state that the underlying facts that supported a conviction for aggravated vehicular assault following the defendant's no contest plea to that charge could not be used in a subsequent civil proceeding. Bott ¶ 7. The only authority that Bott court cited in support of that legal conclusion was Crim. R. 11(B)(2).
 {¶ 45} However, there is nothing in Crim. R. 11(B)(2) that prevents the underlying facts in the criminal case from being used in a subsequent civil proceeding. Instead, the only things that are rendered inadmissible against the defendant in a subsequent civil proceeding are: (1) the defendant's plea of no contest; and (2) the effect of that no contest plea, namely, that the no contest plea is an admission by the defendant of the truth of the facts alleged in the charging instrument.
 {¶ 46} Even if the rule in Bott is applied to the matter before us, it would not change the result in this case. Immediately after finding the underlying facts of the criminal case to be inadmissible in the subsequent civil proceeding, the Bott court found that the court in the subsequent civil proceeding could take notice that the defendant "recklessly caused serious physical harm to another while operating a motor vehicle." These facts comprise a generalized description of the elements of aggravated vehicular assault. See R.C. 2903.08(A)(2)(b). Thus, even the Bott court found that the evidence of the conviction itself in the criminal case where a no contest plea had been entered was admissible in the *Page 10 
subsequent civil proceeding. Id. at ¶ 7.
 {¶ 47} If the language in Bott was applied here, the trial court would have been permitted to take notice that on 60 occasions, appellant for the purpose of sexually arousing or gratifying himself committed trespass or otherwise surreptitiously invaded the privacy of minors, R.C. 2907.08(C), and that on one occasion he was a parent or stepparent to the victim or the victim was someone to whom he was in loco parentis, R.C. 2907.08(D)(1). Bott at ¶ 7.
 {¶ 48} Appellant's first assignment of error is overruled.
 {¶ 49} Assignment of Error No. 2:
 {¶ 50} "THE TRIAL COURT ERRED BY CONSIDERING THE FEARS AND/OR CONCERNS OF THE APPELLEE AS EVIDENCE OR A CHANGE IN CIRCUMSTANCES AND/OR EVIDENCE THAT THE HARM LIKEKLY TO BE CAUSED BY A CHANGE OF ENVIRONMENT IS OUTWEIGHED BY THE ADVANTAGES OF THE CHANGE OF ENVIRONMENT TO THE PARTIES' MINOR CHILDREN."
 {¶ 51} Appellant argues that the trial court erred in finding that his convictions on the multiple voyeurism charges provided a sufficient basis on which to find a change in circumstances because a parent's conduct should have no relevance to the allocation of parental rights and responsibilities in the absence of proof that the conduct has adversely affected the child. We disagree with this argument.
 {¶ 52} In Inscoe v. Inscoe (1997), 121 Ohio App.3d 396, the court of appeals reversed a trial court's decision granting a mother's motion for modification of parental rights and responsibilities on the basis of the father's openly gay lifestyle. Id. at 401. The Inscoe court found that "a parent's conduct has no relevance to the allocation of parental rights and responsibilities in the absence of proof that the parent's conduct has adversely affected the child." Id. at 414. *Page 11 
 {¶ 53} In Pater v. Pater (1990), 63 Ohio St.3d 393, the court held that "[a] parent may not be denied custody on the basis of his or her religious practices unless there is probative evidence that those practices will adversely affect the mental or physical health of the child." Id. at 398.
 {¶ 54} This case is readily distinguishable from cases likeInscoe and Pater. Here, appellant's behavior did not merely involve an issue of morality, but an issue of illegality as well. SeeRiffle, Meigs App. No. 417 at p. 3. Appellant's actions cannot be considered analogous to questions involving the religious or sexual preferences of a parent involved in a custody dispute. Cf.Inscoe and Pater.
 {¶ 55} In this case, the conduct that led to appellant's convictions on numerous voyeurism charges raises serious concerns regarding the safety of the parties' children. See Keller v. Keller, Jackson App. Nos. 02CA19, 03CA3, 2003-Ohio-6462, ¶ 11 (criminal acts of former wife's new spouse, which included inappropriate sexual activity with another minor child, warranted modification of parties' parenting agreement). The trial court did not abuse its discretion or otherwise err in finding that these facts provided a sufficient basis on which to modify the allocation of the parties' parental rights and responsibilities.
 {¶ 56} Appellant's second assignment of error is overruled.
 {¶ 57} Judgment affirmed.
BRESSLER, P.J. and POWELL, J., concur.
[1] {¶ a} R.C. 2907.08 states in pertinent part:
{¶ b} "(C) No person, for the purpose of sexually arousing or gratifying the person's self, shall commit trespass or otherwise surreptitiously invade the privacy of another to photograph the other person in a state of nudity if the other person is a minor.
{¶ c} "(D) No person, for the purpose of sexually arousing or gratifying the person's self, shall commit trespass or otherwise surreptitiously invade the privacy of another to photograph the other person in a state of nudity if the other person is a minor and any of the following applies:
{¶ d} "(1) The offender is the minor's natural or adoptive parent, stepparent, guardian, or custodian, or person in loco parentis of the minor."
{¶ e} "* * *
{¶ f} "(F)(1) Whoever violates this section is guilty of voyeurism.
{¶ g} "* * *
{¶ h} "(4) A violation of division (C) of this section is misdemeanor of the first degree.
{¶ i} "(5) A violation of division (D) of this section is a felony of the fifth degree." *Page 1