[Cite as *Barrett v. LeForge*, 2012-Ohio-5865.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | | |
|---|---|---|
| DAVID W. BARRETT | | C.A. No. 26381 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| WENDY LEFORGE | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. 2003-08-3047 |

DECISION AND JOURNAL ENTRY

Dated: December 12, 2012

DICKINSON, Judge.

INTRODUCTION

{¶1} David Barrett and Wendy LeForge have a son, J.B., who was born in 1998. In 2004, the trial court approved a shared parenting plan that named Mr. Barrett as the residential parent. A few years later, it granted Mr. Barrett permission to move J.B. to Arizona. A couple of years after that, a police officer stopped Mr. Barrett for speeding while J.B. was with him. During the stop, the officer noticed that Mr. Barrett appeared intoxicated, and Mr. Barrett ended up pleading guilty to driving under the influence and endangerment. After Ms. LeForge learned about the convictions, she moved to reallocate the parties' parental rights. Following a hearing, a magistrate found that there had been a change in circumstances and determined that it was in J.B.'s best interest to reside with Ms. LeForge. The trial court sustained Mr. Barrett's objections to the magistrate's decision, however, concluding that it could not modify the shared parenting plan because there had not been a substantial change in circumstances. The court also

determined that, even if there had been a change in circumstances, J.B. should remain with Mr. Barrett. Ms. LeForge has appealed, assigning as error that the court incorrectly determined that there had not been a change in circumstances and that it failed to consider J.B.'s wishes in considering whether to modify the residential parent designation. We reverse because Mr. Barrett's conviction for driving under the influence while J.B. was in the vehicle constituted a change in circumstances under Section 3109.04(F) of the Ohio Revised Code and the trial court failed to consider all of the required factors in determining whether to modify the shared parenting plan.

## CHANGE IN CIRCUMSTANCES

{¶2} Ms. LeForge's first assignment of error is that the trial court incorrectly determined that she failed to establish that a change in circumstances had occurred that had a substantial impact on J.B. Under Section 3109.04(E)(1)(a) of the Ohio Revised Code, "[t]he court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child." According to the Ohio Supreme Court, a change in circumstances "must be a change of substance, not a slight or inconsequential change." *Davis v. Flickinger*, 77 Ohio St. 3d 415, 418 (1997). That is because "[t]he statute is intentionally designed . . . 'to spare children from a constant tug of war between their parents who would file a motion for change of custody each time the parent out of custody thought he or she could provide the child a better environment.'" *Oberlin v. Oberlin*, 9th Dist. No. 25864, 2011-Ohio-6245, ¶ 7 (quoting *Davis*, 77 Ohio St. 3d at

418). The Ohio Supreme Court has also explained that a trial court must "have wide latitude in considering all the evidence before [it] . . . ." *Davis*, 77 Ohio St. 3d at 418. Accordingly, the court's determination regarding whether a change of circumstances has occurred will not be disturbed "absent an abuse of discretion." *Id*. at paragraph one of the syllabus.

{¶3} Ms. LeForge has argued that the fact that Mr. Barrett was convicted for operating a motor vehicle under the influence and that J.B. was a passenger in the vehicle at the time of the offense constitutes a change in circumstances for purposes of Section 3109.04(E)(1)(a). She has also argued that, since Mr. Barrett moved to Arizona, he has divorced his wife, moved multiple times, and changed J.B.'s school. According to Ms. LeForge, the magistrate correctly determined that "[t]he changes are significant enough, especially when taken together," to constitute a change in circumstances.

{¶4} Mr. Barrett has argued that the trial court's decision was correct. He has argued that this Court can only look at whether there was a change in circumstances from the last time the trial court evaluated who should be the residential parent, which was in March 2009. According to Mr. Barrett, at the time of the last evaluation he was already divorced. He has also argued that he and J.B. have only moved once since March 2009 and that it was to a new school district that he and Ms. LeForge mutually selected. He has further argued that J.B. has not suffered any negative effects from his convictions, noting that it has not caused J.B. to miss any school or affected his grades.

{¶5} In *Oberlin v. Oberlin*, 9th Dist. No. 25864, 2011-Ohio-6245, Jesse Oberlin divorced Ashley Oberlin. The trial court named Mr. Oberlin as the residential parent of the parties' daughter even though he had been convicted of operating under the influence. At the time the court issued its decree, it did not know that Mr. Oberlin had been arrested again for

operating under the influence. When Ms. Oberlin learned about the second arrest, she moved to modify the decree. The trial court found that the second arrest constituted a change in circumstances under Section 3109.04(E)(1)(a). *Id*. at ¶ 13. We concluded that its determination was proper given the possibility that the parties' daughter had been "negatively affected by the information" and that the second arrest "was indicative of a larger problem." *Id*. We also noted that there was evidence that Mr. Oberlin's work schedule was about to change, which was going to affect the daughter's daily schedule. *Id*. at ¶ 14.

{¶6} This Court has held that a criminal conviction can constitute a change in circumstances under Section 3109.04(E)(1)(a) if the offense has had "a direct or probable effect on the child." *Neighbor v. Jones*, 9th Dist. No. 24032, 2008-Ohio-3637, ¶ 8 (concluding that the trial court should have analyzed whether mother's conviction for a sexually-oriented criminal offense against a minor constituted a change in circumstances); *see also Kirchhofer v. Kirchhofer*, 9th Dist. No. 09CA0061, 2010-Ohio-3797, ¶ 11-13 (upholding decision that mother's arrest for possession of marijuana and driving while under the influence constituted a change in circumstances); *Nagel v. Hogue*, 12th Dist. No. CA2007-06-011, 2008-Ohio-3073, ¶ 20 (concluding that father's conviction for voyeurism constituted change in circumstances); *Bauer v. Bauer*, 4th Dist. No. 06CA2, 2006-Ohio-7096, ¶ 25 (concluding that change of circumstances had occurred as a result of mother's arrest for recreational drug use). Upon review of the record, we conclude that the trial court incorrectly determined that there had not been a change of circumstances under Section 3109.04(E)(1)(a) of the Ohio Revised Code. Not only was Mr. Barrett convicted of a criminal offense, the conduct that led to his conviction put J.B.'s safety directly at risk. *See Nagel*, 2008-Ohio-3073 at ¶ 55 (noting that father's criminal

conduct raised "serious concerns regarding the safety of the parties' children."). Ms. LeForge's first assignment of error is sustained.

BEST INTEREST OF CHILD

{¶7} Ms. LeForge's second assignment of error is that the trial court's determination that it is not in J.B.'s best interest to modify the shared parenting plan was against the manifest weight of the evidence. Her third assignment of error is that the court incorrectly failed to adopt J.B.'s wishes when it evaluated whether it was in his best interest to make her the residential parent. Because these assignments of error involve the same issues, we will consider them together.

{¶8} There are ten factors that a court must consider when determining whether it is in the best interest of a child to modify a decree allocating parental rights and responsibilities. R.C. 3109.04(F)(1). Those factors are "[t]he wishes of the child's parents[,] . . . the wishes and concerns of the child, . . . [t]he child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest[,] [t]he child's adjustment to the child's home, school, and community[,] . . . [t]he mental and physical health of all persons involved in the situation[,] . . . [t]he parent more likely to honor and facilitate court-approved parenting time rights[,] . . . [w]hether either parent has failed to make all child support payments, . . . [w]hether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child[,] . . . [w]hether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time[,] . . . [and] [w]hether either parent has

established a residence, or is planning to establish a residence, outside this state." R.C. 3109.04(F)(1)(a-j).

{¶9} Although concluding that there had not been a change in circumstances, the trial court found that it was also in J.B.'s best interest for Mr. Barrett to remain the residential parent. It found that designating Mr. Barrett as the residential parent had helped to curb J.B.'s oppositional defiant disorder, that Ms. LeForge had been unable to hold J.B. accountable for his actions, and that Mr. Barrett was "better suited to provide the accountability and consistency that [J.B.] needs." It also found that Ms. LeForge had refused to return J.B. to Arizona after her summer parenting time in 2008. It decided that "[n]aming [Ms. LeForge] the residential parent for school purposes would not be in [J.B.]'s best interest primarily because [he] is doing better in school while he is with [Mr. Barrett] than he would if he were with [Ms. LeForge] and also because [Mr. Barrett] is the parent who will foster [J.B.]'s relationship with the other parent."

{¶10} In determining whether it is in a child's best interest to modify the allocation of parental rights and responsibilities, the trial court "shall consider" all of the factors listed in Section 3109.04(F)(1). R.C. 3109.04(F)(1). As Ms. LeForge has pointed out, there is no indication in the trial court's decision that it considered J.B.'s "wishes and concerns." R.C. 3109.04(F)(1)(b). We, therefore, conclude that the court's judgment must be vacated and this matter remanded so that the trial court may determine, after consideration of all of the factors enumerated in Section 3109.04(F)(1), whether it is in J.B.'s best interest to modify the shared parenting plan. Ms. LeForge's second and third assignments of error are sustained.

CONCLUSION

{¶11} The trial court incorrectly concluded that Mr. Barrett's conviction for driving under the influence while J.B. was in the vehicle did not constitute a change in circumstances

under Section 3109.04(E)(1)(a) of the Ohio Revised Code. It also failed to consider all of the required factors in determining whether it is in J.B.'s best interest to modify the shared parenting plan. The judgment of the Summit County Common Pleas Court, Domestic Relations Division is reversed, and this matter is remanded for further consideration of Ms. LeForge's motion to reallocate parental rights and responsibilities.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

CLAIR E. DICKINSON
FOR THE COURT

BELFANCE, J.
CONCURS.

CARR, P. J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

RONALD L. CAPPELLAZZO, Attorney at Law, for Appellant.

LESLIE S. GRASKE, Attorney at Law, for Appellee.